IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **WENDY RYE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CV-05-PT-2255 |
| ) | |
| **MATRIXX INITIATIVES, INC.,** et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon defendants Matrixx Initiatives, Inc., Zicam, L.L.C., Botanical Laboratories, Inc., and McKesson Corporation's Motion to Transfer Venue filed on June 5, 2006.

**FACTS AND PROCEDURAL HISTORY**

The defendants Matrixx Initiatives, Inc., fka Gum Tech International, Inc. and Zicam, L.L.C., fka Gel Tech, L.L.C., Botanical Laboratories, Inc., and McKesson Corporation (hereinafter collectively know as "Matrixx" or "the defendants") were collectively responsible for the development and manufacture of Zicam Cold Remedy No Drip Liquid Nasal Gel. The plaintiff Wendy Rye, a resident of Minnesota, alleges that on or after November 2003, she was injured while using Zicam. Rye further alleges that the Zicam she used was in substantially the same condition as when manufactured, sold and/or distributed, and that the Zicam was being used as it was intended. Rye claims that she was permanently injured as a result of using the faulty nasal gel.

# ARGUMENTS[1]

I.   **Defendant Matrixx's Motion to Transfer Venue.**

   A.   **This court should transfer venue to the District Court of Minnesota because Alabama has no connection to the parties, witnesses fo the facts involved in this case.**

According to Matrixx, this court "may transfer this action to any other district court where it might have been brought, for the convenience of the parties and witnesses and in the interest of justice." 28 U.S.C. § 1404(a). Matrixx claims that the purpose of § 1404(a) is "to prevent 'waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). According to Matrixx, determining the issue of transfer is a two-step process. The first is "whether the action 'might have been brought' in the proposed transferee district court." *See Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960); *In re Horshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003). The second step is to determine whether the balance of convenience favors transfer. *Johnston v. Foster-Wheeler Construction, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994). According to Matrixx, the determining factors are, among others:

   (1)   the plaintiff's initial choice of forum;
   (2)   the convenience of the parties;
   (3)   the convenience of the witnesses;
   (4)   the relative ease of access to sources of proof and location of relevant documents;
   (5)   the availability of compulsory process for witnesses;
   (6)   the financial ability to bear the cost of the change; and
   (7)   trial efficiency.

*See Holmes v. Freightliner, LLC*, 237 F. Supp. 2d 690, 692 (M.D. La. 2002).

---

[1] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

Matrixx argues that the above factors favor a transfer of this case to the Federal District Court of Minnesota.

Matrixx argues that Alabama has no connection to the parties, witnesses or facts involved in this dispute. They further argue that the vast majority of witnesses, documents, and Rye's medical providers are located in or around Minnesota. Matrixx claims that Minnesota law will apply, and the Minnesota court is better suited to apply that law.

    **A.**    **Venue is proper in the Federal District Court of Minnesota.**

As 28 U.S.C. § 1404(a) only allows for transfer to a district where the action could have been brought, Matrixx notes that Section 1391(b)(1) provides that a civil action may be brought in "a judicial district where any defendant resides, if all defendants *reside* in the same state." (Emphasis added). According to Matrixx, defendant corporations, for venue purposes, reside in any judicial district in which they are subject to personal jurisdiction. 28 U.S.C. § 1391(c). Matrixx argues that, because all of the defendant corporations do business in Minnesota, they are subject to personal jurisdiction in that state, and a Minnesota venue would be proper.

    **B.**    **The convenience factors favor transfer to the Federal District Court of Minnesota.**

        1.    The plaintiff's initial choice of forum.

According to Matrixx, it is the general rule that the plaintiff's choice of forum is entitled to substantial deference *if the forum in is in the district in which the plaintiff resides*. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998). That choice is entitled to less deference when the plaintiff selects a venue with no connection to the parties, witnesses, lawsuit or underlying occurrence. *See id.*; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981);

*Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090-91 (M.D. Ala. 1996). Matrixx notes that Rye resides in Minnesota, all of her medical providers are in or near Minnesota, no events subject to this suit occurred in Alabama, and the only connection Rye has with Alabama is the office of her counsel, located in Birmingham, Alabama, within the Northern District of Alabama. However, Matrixx contends that "location of counsel" is decidedly not a factor to consider when doing a transfer of venue analysis. *See In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (district court reversibly erred when it considered convenience of counsel as factor in 1404(a) analysis: "The word 'counsel' does not appear anywhere in 1404(a)"); *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (location of counsel was irrelevant and improper for consideration in determining whether to transfer venue).

        2.      The convenience of the parties.

Matrixx claims that it would be more convenient for Rye to try this case in Minnesota. She resides in Minnesota. Her medical providers are in or near Minnesota. Matrixx further claims that the cost of procuring trial attendance of some witnesses from Minnesota may prohibit the calling of some witnesses. According to Matrixx, "[r]educing the inconvenience to one party tips the scales in favor of transfer." *APV v. North America, Inc.*, 295 F. Supp. 2d 393, 399 (D. Del. 2002).

        3.      The convenience of the witnesses.

According to Matrixx, the convenience to the witnesses is "often recognized as the most important factor" under § 1404(a). *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998). "Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue

analysis." *State Street Capital Corp. v. Duke*, 855 F. Supp. 192, 198 (S.D. Tex. 1994).

While Matrixx concedes that Rye has not yet identified any witnesses, all of her medical providers are in Minnesota. Matrixx claims that Rye is likely to be a witness, and she resides in Minnesota. Additionally, Matrixx claims that other potential witnesses, if any, will likely reside in Minnesota. As no identified witnesses reside in Alabama, Matrixx concludes that this factor favors transfer.

    4.  The relative ease of access to sources of proof and the location of relevant documents.

According to Matrixx, "[r]elative ease of access to the sources of proof is an important consideration in determining a motion to transfer venue...The location of relevant documentation and records regarding Plaintiff's claims is important." *American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1353 (M.D. Fla. 1999). Matrixx claims that all of the pertinent medical records are in or around Minnesota. Matrixx asserts that there are "no documents, books, or records relevant to the case located in Alabama." Matrixx argues that all of the sources of proof will be located in or around Minnesota, favoring a transfer to that state.

    5.  The availability of compulsory process for (unwilling) witnesses.

Matrixx claims, "[o]f all the private interest factors to be considered in a motion to transfer, the relative ability of the forums to compel the attendance of significant unwilling witnesses at trial often is considered the most important factor, because the presentation of live testimony is essential to a fair trial." *See* 17 *Moore's Federal Practice* § 111.74 [3][c] at 111-228.2. "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance [of a witness] and may be forced to try their cases on deposition, is to create a

condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947) (superseded by 28 U.S.C. § 1404(a) (1982)). Matrixx argues that both parties will need testimony from multiple non-parties in Minnesota, including Rye's treating physician(s), and will not be able to compel them to testify in the Northern District of Alabama.

    6.   The financial ability to bear the cost of the change.

Matrixx claims that Rye's costs would decrease, favoring a transfer.

    7.   Trial efficiency.

According to Matrixx, Rye's allegations sound in product liability, negligence, breach of warranty and contract and failure to warn, and Minnesota law will apply. Thus, Matrixx reasons, a trial judge in the District Court of Minnesota, likely being more familiar with Minnesota law, will be better suited to hear such a case. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *see also Connors v. R & S Parts & Services, Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (transferring venue to District of New Jersey based in part on determination that New Jersey District Judge would be more familiar with applicable law in case governed by New Jersey state law). Matrixx argues that there have been no dispositive motions filed in this case, nor have any discovery deadlines passed, so there would be little or no disruption of litigation, nor would there be much judicial effort going to waste. Furthermore, should it become necessary to compel the attendance of witnesses, the District Court of Minnesota will be "in a vastly better position" than the Northern District of Alabama to do so.

**II. Plaintiff Rye's Response.**

    1.   Timeliness of the Zicam Defendants' Request.

Rye claims that, upon receipt of the complaint, which was filed on November 7, 2005,

Matrixx "appreciated, or should have appreciated," that Rye was a Minnesota resident who bought and used Zicam in Minnesota. Rye notes that Matrixx waited approximately seven months before filing this motion to transfer. Rye further notes that on April 10, 2006 she served the defendants with her answers to their first set of interrogatories, yet they waited two months before filing the motion to transfer venue. Though Rye acknowledges that "there is no firm deadline for seeking a § 1404(a) - based transfer," she argues that Matrixx is asking for discretionary relief, and should be required to have requested such relief in a timely manner, before Rye and this court have invested time and effort in the case.

  2. Rye's Choice of Forum.

Rye concedes that her choice of forum, because she does not reside in the Northern District of Alabama, is not entitled to substantial deference. However, she argues that her inconvenience should not be a factor to be considered, as she filed the complaint in the Northern District of Alabama and has expressed her willingness to travel there.

  3. Convenience of the Parties.

Rye notes that, as the Matrixx defendants have their headquarters in Arizona, Washington and California, Minnesota is no less convenient than Birmingham as a forum for this case.

  4. Convenience of the Witnesses & Compulsory Process.

Rye claims that she has been treated by a single Minnesota-based physician, who is her primary care doctor. She argues that, since this litigation involves Rye's loss of her sense of smell and/or taste, it is unlikely that her primary care physician, or the clinic treating her for an unrelated back injury, will be called as a "live" witness at trial. Since, Rye reasons, any germane testimony from those physician would be proffered in the form of depositions, there will be no

inconvenience if the trial is held in Birmingham. Furthermore, the treating physicians for the symptoms she suffers as a result of using Zicam are located in South Dakota, more than 100 miles from Minnesota. It therefore may not be possible to compel the appearance of these doctors in Minnesota either.

   According to Rye, Matrixx has ignored the possibility that this trial will involve a "matter of the experts" and has shown no reason why Minnesota is materially more convenient than the Northern District of Alabama. She argues that, by filing in the Northern District of Alabama, she "accepted the risk that one of her witnesses might refuse to appear live at trial."

   5.  Location of Sources of Proof and Relevant Documents.

   Rye claims that her medical records are "easily duplicated and transported anywhere in the world." The same is true as to any documents pertaining to her purchase of Zicam. She categorizes the germane documents as "the documents in the Zicam Defendants' possession regarding the subject product, including testing conducted by them regarding this product and reports of adverse side effects experienced by users of this product." These documents, according to Rye, are not located in Minnesota.

   6.  Financial Considerations.

   Rye points out that she intentionally chose the Northern District of Alabama, and that any financial considerations as to the forum are hers to consider. She claims that Matrixx made no effort to show that their financial burden would increase if the case went forward in Alabama. Rye argues that her present counsel's expenses will increase if required to travel to Minnesota to attend hearings or conduct a trial, and she will likely incur the cost of the association of a local Minnesota attorney.

7.     Trial Efficiency.

According to Rye, Matrixx "proffered no unique feature of Minnesota substantive law that would come into play...that would necessitate this Court [sic] possessing expertise as to Minnesota substantive law." She argues that the Northern District of Alabama is capable of trying this case.

### III.    Defendant Matrixx's Reply.

Matrixx first addresses Rye's assertion that this motion is untimely. According to Matrixx:

> Plaintiff's position on the issue of timeliness is in direct contradiction [to] the agreement of the parties as evidenced in the Report of the Parties' Planning Meeting. In the Report filed with the Court, signed by Plaintiff's attorney, the parties agreed upon the following paragraph:
>> Defendant has filed an answer asserting defenses based on improper or inconvenient venue. The parties agree and stipulate (a) that these defenses are specifically reserved and shall not be waived as the result of discovery and other proceedings conducted in this action; and (b) that Defendants may bring these defenses for resolution by the Court at any time before the pre-trial conference.
>
> Plaintiff has expressly agreed that discovery shall not waive defenses as to venue.

Matrixx claims that Rye is trying to "renege" on this agreement, and argues that no prejudice will result to Rye from the court's resolution of the motion at this time. According to Matrixx, the only discovery performed in this case has been "paper" discovery, and no substantive motions have been filed.

Matrixx asserts that Rye's purported willingness to travel and her claim that her inconvenience should not be a consideration are irrelevant, and adoption of that position would be "tantamount to disallowing any national defendant from challenging an improper venue based on convenience...[u]nder Plaintiff's reasoning, an opportunistic Plaintiff would have carte

9

blanche to forum shop."

Additionally, Matrixx claims that it anticipates the need to call Rye's treating physicians live at the trial of this matter. According to Matrixx, even if the District Court of Minnesota could not compel their attendance, they would be more likely to voluntarily go to Minnesota than to Birmingham, Alabama. Matrixx argues that discovery has just commenced, and it anticipates that it will require additional live testimony from non-party fact witnesses residing within the range of the Minnesota court's subpoena power. Matrixx discounts Rye's claim that her experts will be inconvenienced by pointing out that "experts are witnesses for whom travel and expense are customary." *Everprest, Inc. v. Phillips-Van Heusen Corp.*, 300 F. Supp. 757, 758 (M.D. Ala. 1969).

Matrixx reiterates that "location of counsel" is irrelevant to the convenience of parties analysis in deciding a motion to transfer pursuant to § 1404(a). According to Matrixx, "Plaintiff asserts that by filing her case in the Northern District of Alabama, she accepted the risk that one of her witnesses may refuse to appear live. This may be true; however, Plaintiff should not be allowed to accept this risk on behalf of the Defendants."

## CONCLUSION OF THE COURT

The arguments of the defendants Matrixx Initiatives, Inc., Zicam, LLC, Botanical Laboratories, Inc., and McKesson Corporation are well taken by this court. This court will exercise its discretion and transfer this case to the District Court of Minnesota. *See Nowell v. Dick*, 413 F.2d 1204, 1212 (5th Cir. 1969). The defendants' Motion to Transfer Venue will be Granted.

This 21st day of July, 2006.

*[signature: Robert B. Propst]*
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**